UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DeANN GRAHAM,<br><br>        Plaintiff,<br><br>v.<br><br>MELISSA CHAVEZ,<br><br>        Defendant. | CAUSE NO. 3:23-CV-238 DRL-MGG |

-----------------------------------------------------------------------------CONSOLIDATED WITH:------

| | |
|---|---|
| DeANN GRAHAM,<br><br>        Plaintiff,<br><br>v.<br><br>CIM LIVING,<br><br>        Defendant. | CAUSE NO. 3:23-CV-7 DRL-MGG |

OPINION AND ORDER

DeAnn Graham, proceeding *pro se*, filed two complaints, one against Melissa Chavez and one against CIM Living, alleging discrimination under Title VI of the Civil Rights Act and the Americans with Disabilities Act (ADA), defamation, and falsifying documents under C.F.R. 49 § 1570.5 [323-CV-238 at 1, 323-CV-7 at 21]. Ms. Chavez alone filed a motion to dismiss all the claims against her [7 at 38]. Ms. Graham never filed a response, even after an order from the court cautioning that the case could be dismissed if she didn't respond [7 at 43]. Ms. Graham has not contested the motion to dismiss, so the court may address it summarily under N.D. Ind. Local Rule 7-1(d)(5). The court grants Ms. Chavez's motion [7 at 38] and dismisses all claims against her.

BACKGROUND

Ms. Graham filed a *pro se* complaint against Ms. Chavez on March 23, 2023 [238 at 1]. The court consolidated the case with Ms. Graham's complaint against CIM Living (3:23-CV-7), which

1

alleged similar facts [7 at 21]. In her brief complaint against Ms. Chavez, Ms. Graham alleged that Ms. Chavez engaged in discrimination, harassment, defamation, retaliation, and falsification of documents [238 at 1]. Ms. Graham also claims that Ms. Chavez charged her higher rent than white tenants [238 at 1]. Ms. Chavez moved to dismiss the claims against her under Rule 12(b)(6).

## STANDARD

In reviewing a motion to dismiss, the court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the plaintiff's favor. *Reynolds v. CB Sports Bar, Inc.*, 623 F.3d 1143, 1146 (7th Cir. 2010). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The statement must contain enough factual matter, accepted as true, to state a plausible claim, not a speculative one. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A claim must be plausible, not probable. *Indep. Tr. Corp. v. Stewart Info. Servs. Corp.*, 665 F.3d 930, 935 (7th Cir. 2012). Whether a claim is sufficiently plausible to survive a motion to dismiss is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *McCauley v. City of Chicago*, 671 F.3d 611, 616 (7th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679). This pleading standard is slightly relaxed for *pro se* plaintiffs because courts have "a special responsibility" to construe *pro se* complaints liberally. *Donald v. Cook Cnty. Sheriff's Dep't*, 95 F.3d 548, 555 (7th Cir. 1996).

## DISCUSSION

Ms. Graham brings four claims against Ms. Chavez: (1) discrimination under Title VI of the Civil Rights Act; (2) discrimination under Title III of the ADA; (3) falsified documents and statements under 49 C.F.R. § 1570.5; and (4) defamation. Ms. Chavez has moved to dismiss all four for failure to state a claim.

First, Ms. Graham alleges that Ms. Chavez discriminated against her in violation of Title VI of the Civil Rights Act of 1964 [238 at 1]. Ms. Chavez argues that Title VI doesn't apply to her because

2

it only prohibits discrimination by recipients of federal funding [7 at 39 at 9]. Ms. Graham needed to allege two things to state a claim of discrimination under Title VI: first, that she was "intentionally discriminated against on the grounds of race" and second, that Ms. Chavez received federal financial assistance. *Beaulieu v. Ashford Univ.*, 529 F. Supp.3d 834, 850 (N.D. Ill. 2021). "[S]uits against individuals are barred unless individuals themselves receive federal grant money." *Mojsoski v. Ind. Wesleyan Univ.*, 2022 U.S. Dist. LEXIS 215419, 32 (N.D. Ind. Nov. 30, 2022). Ms. Graham's complaint, even construed in the most favorable light, doesn't contain any information that suggests Ms. Chavez has received federal funding. Ms. Graham only mentions that Ms. Chavez harassed her and discriminated against her. Without more, the court cannot infer that Ms. Chavez received any federal funding. The court dismisses the Title VI claim.

Second, Ms. Graham cites the ADA [238 at 1]. To state a claim under Title III of the ADA, a plaintiff must plead facts that show that she is disabled within the meaning of the ADA, that the defendant is a private entity that owns, leases, or operates a place of public accommodation, and that the defendant discriminated against her by denying her the full and equal opportunity to enjoy the services the defendant provides. *Mortland v. Radhe Hosp. LLC*, 2023 U.S. Dist. LEXIS 86204, 4 (N.D. Ind. Apr. 12, 2023). Ms. Graham has not pleaded facts that support either of the first two elements. She hasn't provided any information about her disability status. She alleges only that there "is evidence of pattern or practice of discrimination and set different term and condition for me vs whites that live here, because of ADA and reasonable accommodation" [238 at 1]. That provides no information about Ms. Graham's medical condition and whether it qualifies as a disability under the ADA. Ms. Graham has also not pleaded any facts that show that the defendant, Ms. Chavez, owns, leases, or operates a public accommodation. The complaint from the consolidated case suggests that Ms. Chavez operates Ms. Graham's apartment complex [7 at 21]. Even taking this as true, the ADA does not extend to residential facilities. *Worthington v. Golden Oaks Apts.*, 2011 U.S. Dist. LEXIS 115348, 23-24

3

(N.D. Ind. Oct. 4, 2011). Ms. Graham hasn't provided any other facts that would show that Ms. Chavez runs a public accommodation. Without these elements, Ms. Graham has failed to plead the necessary facts for an ADA claim. The court dismisses her ADA claim.

Third, Ms. Graham alleges that Ms. Chavez falsified records and made false statements in violation of 49 C.F.R. § 1570.5 [238 at 1]. That regulation prohibits any fraudulent or intentionally false statements or records in maritime and surface transportation security. 49 C.F.R. § 1570.5; *Graham v. Herron Mgmt. Prop.*, 2022 U.S. Dist. LEXIS 171457, 8 (N.D. Ind. Sept. 22, 2022). Ms. Graham seems to accuse Ms. Chavez of making false statements about housing issues [238 at 1]. She alleges that Ms. Chavez has "[f]alsified Documents … and intentionally made false statement in record or report" without any more facts [238 at 1]. The regulation she cites doesn't apply because this dispute has nothing to do with maritime or surface transportation. Even if it applied here, Ms. Graham couldn't privately sue to enforce this regulation because it does not provide a private right of action. *Walker v. Walker*, 2023 U.S. Dist. LEXIS 101518, 5-6 (W.D. Mich. May 22, 2023). The court dismisses this claim.

Finally, Ms. Graham's complaint raises a defamation claim [238 at 1]. She says Ms. Chavez "has racial profiled me made false statement that harms a reputation, defamation" [238 at 1]. Indiana law requires that a defamation complaint "specifically identify both the alleged defamatory statements and the speaker of those statements." *Batistatos v. Lake Cnty. Convention*, 2023 U.S. Dist. LEXIS 135748, 7 (N.D. Ind. Aug. 3, 2023) (quoting *Taylor v. Antisdel*, 185 N.E.3d 867, 874 (Ind. Ct. App. 2022)). Ms. Graham hasn't provided any specific statements she believes were defamatory; she hasn't provided anything more than nonspecific conclusions. *Ashcroft*, 556 U.S. at 678. The court must dismiss this claim.

When a *pro se* complaint doesn't state a claim on which relief can be granted, the court should ordinarily give the plaintiff an opportunity to amend the complaint unless it is certain from the face

of the complaint that any amendment would be futile or otherwise unwarranted. *Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015). However, "courts have broad discretion to deny leave to amend whe[n] . . . the amendment would be futile." *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Because 49 C.F.R. § 1570.5 does not provide a private right of action, amending that claim would be futile. The court cannot say amending would be futile for other claims, despite Ms. Graham's lack of opposition to the motion to dismiss.

If Ms. Graham believes she can allege a claim consistent with this order and chooses to file an amended complaint, she must put the cause number of this case on it, which is on the first page of this order. As the instructions on the court's complaint form explain, Ms. Graham should also explain in her own words what happened, when it happened, where it happened, and who was involved, providing as much detail as possible. In other words, she needs to explain when, where, why, and how Ms. Chavez harmed her. She needs to include every fact necessary to explain her case and describe her injuries or damages. She is encouraged to use the court's approved complaint form.

## CONCLUSION

Accordingly, the court GRANTS Ms. Chavez's motion to dismiss [7 at 38], DISMISSES the claims against her, AFFORDS Ms. Graham until January 11, 2024 to file an amended complaint, and CAUTIONS her that the failure to file an amended complaint will conclude her claims against Ms. Chavez because the current complaint does not state a claim against her.

SO ORDERED.

December 11, 2023                                        *s/ Damon R. Leichty*
                                                         Judge, United States District Court